### BULLOC vs. PAILHOS.

If on a verdict, there be judgment for the plaintiff, and on an appeal the court thinks it ought to have been for the de-

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff sent the defendant to

East'n. District.
*June*, 1829.

BULLOC
*vs.*
PAILHOS.

Mexico, as supercargo of a vessel, and intrusted to him a quantity of goods for sale. He was to receive, by the articles of agreement, one half the profits on the goods, as compensation for his labour.

This action was brought to compel him to render an account. The cause was submitted to a jury, who found a verdict in the following words: "We find a verdict of five hundred and seventy-four dollars ninety cents, cash, in favor of the plaintiff, and said plaintiff to receive one half the proceeds of the outstanding debts and goods left behind by the defendant: say, seven hundred and fifty-one dollars eighty-seven cents of goods, and nine hundred and forty-six dollars eighteen cents, in notes and debts, as charged in the defendant's account."

On this verdict, the court rendered judgment in favour of the plaintiff, against the defendant, for the sum of five hundred and seventy-four dollars ninety-eight cents, cash, seven hundred and fifty-one dollars eighty-seven cents, goods, and nine hundred and forty-six dollars eighteen cents, in notes.

From this judgment the defendant appealed, and there is evidently an error in it. The

fendant, the former may be indulged with a new trial, altho' he did not ask one below.

BULLOC
vs.
PAILHOS.

judge considered the verdict, as giving the whole amount of the goods and notes to the plaintiff, when the half is alone awarded to him.

Such was our opinion, when the case was first argued, and so we decided. The plaintiff, however, applied for a re-hearing, on the ground that the judgment should not have been final. That we ought to have remanded the cause for further proceedings: That he was led into error in the court below, by the decision of the judge: That had he understood the verdict, as the court has, he would have moved for a new trial, on the ground of the verdict being contrary to evidence.

On these grounds, we directed the cause to be argued again, and counsel have now been heard on it. The argument has turned principally on the question, whether the defendant was a partner or agent. The plaintiff contends he was acting in the latter capacity, and that there was error in the jury allowing him a portion of the goods or debts, until a final settlement.

We think with the plaintiff, that the defendant was not a partner, but an agent. He is so stated in the agreement. The property was not at joint risk. The share, in the pro-

fits, was the compensation he was to receive for his labour. In this view, however correct the verdict of the jury may have been, in relation to the debts outstanding, as being a part of the proceeds of the sale of the goods, and making a portion of the profits, there was an error in their deciding, that one half of the goods unsold belonged to the defendant. Nothing that we have been able to discover in the evidence, establishes any right or title in him to the property intrusted to him for sale.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, that the case be remanded for a new trial, the appellee paying the costs of the appeal.